Andrew S. Brignone, Esq., Nevada Bar No. 751
Michael A. Kristof, Esq., Nevada Bar No. 7780
Michael V. Infuso, Esq., Nevada Bar No. 7388
SCHRECK BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, Nevada 89101
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT PENSION TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS VACATION SAVINGS PLAN TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT APPRENTICESHIP TRAINING TRUST, TRUSTEES OF THE CARPENTERS FOR SOUTHERN NEVADA HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND CARPENTERS JOINT PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE SOUTHERN NEVADA CARPENTERS AND MILLWRIGHTS APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST; TRUSTEES OF THE SOUTHERN CALIFORNIA-NEVADA REGIONAL COUNCIL OF CARPENTERS VACATION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiff, <br><br> vs. | No. 2:03-cv-1519-LDG (RJJ) <br><br> **MOTION FOR GARNISHEE JUDGMENT** |

SCHRECK BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, Nevada 89101
(702) 382-2101

1

SCHRECK BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, Nevada 89101
(702) 382-2101

ARCON OF NEVADA, a Nevada
Corporation; MARK M. BALOGH, an
individual; and SCOTT R. STEPHENS, an
individual,

Pursuant to Federal Rule of Civil Procedure 69 and Nevada Revised Statute 31.320 Plaintiffs the Cement Masons Joint Trust Funds collectively "Joint Trust Funds" apply for a garnishee judgment against garnishee defendant Bovis Lend Lease a/k/a Lehrer McGovern Bovis ("Bovis").  The long and short of this matter is that Bovis fails and refuses to honor the valid garnishment served by the Joint Trust Funds.  Instead of honoring the garnishment, Bovis is engaging in gamesmanship with the judgment debtor in an attempt to avoid having to turn over money it owes to the judgment debtor, and now to the Joint Trust Funds by way of the valid garnishment.

In the alternative, an order to show cause should be issued against Bovis to answer why it fails and refuses to honor the garnishment.

This motion is supported by the points and authorities that follow and the exhibits attached hereto.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTS**

The Joint Trust Funds are not for profit employee benefit trust funds that provide medical benefits, pension benefits, and other employee benefits to those who work in the construction trades throughout Southern Nevada.  Arcon of Nevada ("Arcon"), a dissolved Nevada corporation, was signatory to certain collective bargaining agreements that obligated Arcon to make employee benefit contribution payments to the Joint Trust Funds.

Unfortunately, Arcon fell behind on their benefit payments.  Arcon, along with one of its officers Scott R. Stephens, entered into a settlement agreement with the Joint Trust Funds to repay

the delinquent benefit contributions and attendant interest, attorneys' fees and liquidated damages as provided for under 29 U.S.C. §1132(g)(2).    As part of the settlement agreement, Arcon executed a confessed and stipulated judgment.    The judgment was for the entire amount of benefits and ancillary costs owed, which at the time of settlement was $449,362.52.

Arcon defaulted on its settlement agreement.    The judgment was entered on May 2, 2004, and recorded on January 26, 2005.    See Ex. 1

In an attempt to collect on the judgment, the Joint Trust Funds served Bovis with a garnishment on August 19, 2005.    See Ex 2.    Bovis responded to the garnishments on September 6, 2005, indicating in essence that they would become indebted to Arcon once their litigation against the Venetian Hotel was concluded.    See Ex. 3.    Although it was not clear how much Bovis would owe Arcon, it is telling that Bovis attempted to get Arcon to accept a settlement of $100,000 prior to the conclusion of the Bovis/Venetian litigation.    See Affidavit of Scott Stephens at Ex. 4.

In June 2003, a judgment was entered against the Venetian in favor of Bovis for $44.2 million.    See Ex. 5.    The Venetian appealed.    However, sometime in December 2005, Bovis and the Venetian finally settled their dispute for an unknown amount.

Counsel for the Joint Trust Funds has attempted to contact counsel for Bovis in an attempt to determine when Bovis will be honoring the garnishment, and how much Bovis will remit to the Joint Trust Funds.    Bovis' counsel fails and refuses to correspond with the Joint Trust Funds' counsel.    See Ex. Affidavit of Michael A. Kristof at Ex. 6.    Joint Trust Funds' counsel has warned Bovis that a garnishee judgment may be sought.    Id.    However, Bovis' counsel has refused to take any action with respect to the money owed to Arcon and the garnishments.

As of February 8, 2006, the total amount still owed on the Joint Trust Funds judgment is $299,257.60.    See Affidavit of Keith A. Farney at Ex. 7.

SCHRECK BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, Nevada 89101
(702) 382-2101

3

## II.    ARGUMENT

### A.    Garnishee judgment should be entered against Bovis.

Under Fed. R. Civ. P. 69, the practices and procedure of collection on a judgment are those of state in which the Court sits.   Id.   In Nevada, service of the writ gives the Court jurisdiction to proceed against the garnishee.  NRS. 31.280.

Nevada Revised Statute 31.320 allows for judgment to be entered against a garnishee who fails to timely answer a garnishment interrogatory served upon him.  The judgment is entered "in favor of the defendant for the use of the plaintiff against the garnishee." Id.  The judgment amount is the "value of the property or amount of money specified in the writ of garnishment."  Id.

Here, Bovis did in fact provide "answers" to the garnishment interrogatories.   The problem is, however, that Bovis fails and refuses to take the next step in answering the garnishment and actually turning over the money that is owed.  Instead, Bovis is choosing to sit back, try to negotiate with Arcon a payment amount, and leave the Joint Trust Funds in a state of limbo regarding if, when and how much will ever be paid under the garnishment.  Thus, Bovis is in fact failing to answer the garnishment.  This is inexcusable given that Bovis admits it owes Arcon $99,163.00 under its own accounting.  See Ex. 6.  Bovis failure to remit this money leaves no other option than to have a garnishee judgment entered against Bovis, on behalf of Arcon, for use by the Joint Trust Funds in collecting on the judgment.  See NRS 31.320.

### B.    In the alternative, an order to show cause should be entered and Bovis made to answer why it has not honored the garnishment.

At a minimum an order to show cause should be entered and Bovis made to appear before the Court and answer why it refuses to not only communicate with the judgment creditor garnishor Joint Trust Funds, but why it refuses to pay over any of the money owed under the

4

1    garnishment.  Again, Bovis admits it owes Arcon $99,613.  <u>See</u> Ex. 6.  This money should have
2    been immediately paid over once it became due.  Instead, Bovis is holding the money hostage.
3           If Bovis is without justification for failing to honor the garnishment and paying the
4    $99,613 it admits it owes, Bovis should be sanctioned, in an amount to be determined by the
5    Court, for each day, beginning after the date of the hearing to show cause, that it fails to honor the
6    garnishment.

**III.    CONCLUSION**

9           Bovis has been aware that the Joint Trust Funds would move for a garnishee judgment
10   against it if some action wasn't taken with respect to the garnishment.  Bovis should not be able to
11   sit back and thumb its nose at the Joint Trust Funds and hold money that should be providing
12   benefits to the hard working men and women of the state of Nevada.  There is no excuse for
13   Bovis not answering the garnishment, and a judgment should be entered against Bovis.
14          At the very least, Bovis should be made to come the Court and explain why it not only
15   refuses to answer the garnishment, but why it also refuses to provide any information to the Joint
16   Trust Funds' counsel as to how much money is owed and when it will be paid.

Dated:  February  14  , 2006.              SCHRECK BRIGNONE


                                           /s/ Michael A. Kristof                    
                                           Andrew S. Brignone, Esq., Nevada Bar No. 751
                                           Michael A. Kristof, Esq., Nevada Bar No. 7780
                                           Michael V. Infuso, Esq., Nevada Bar No. 7388
                                           300 South Fourth Street, Suite 1200
                                           Las Vegas, Nevada 89101
                                           Telephone:  (702) 382-2101
                                           Facsimile:   (702) 382-8135

                                           Attorneys for Plaintiffs

SCHRECK BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, Nevada 89101
(702) 382-2101

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Schreck Brignone and that on this day I deposited for mailing in the U.S. Mail at Las Vegas, Nevada, a true copy of the APPLICATION FOR GARNISHEE JUDGMENT enclosed in a sealed envelope upon which first class postage was prepaid to:

Scott R. Stephens
2295 Feather Tree Avenue
Henderson, Nevada 89052

Arcon of Nevada
c/o Scott R. Stephens
2295 Feather Tree Avenue
Henderson, Nevada 89052

Jennifer Wheatley Fletcher
Griffin Cochrane & Marshall
127 Peachtree Street, 14th Floor
Atlanta, Georgia  30303-1810

Dated:  February 17, 2006.                  /s/ Janice A. Casper                          
                                                              An Employee of Schreck Brignone

SCHRECK BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, Nevada 89101
(702) 382-2101